UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**ANGELA HARWOOD BRENT**, individually, and on behalf of all other similarly situated participants of the William D. Meeker Enterprises, Inc. Employee Stock Ownership Plan, and derivatively on behalf of Nominal Defendant William D. Meeker Enterprises, Inc.

 Plaintiff,

v.                              Case No: 8:17-cv-02433-EAK-AEP

**WILLIAM D. MEEKER**, individually and in his capacity as a Director of William D. Meeker Enterprises, Inc.; **FRANCES RENEE HAND**, individually and in her capacity as a Director of William D. Meeker Enterprises, Inc. and **DUANE TOLANDER**, in his capacity as Trustee of the William D. Meeker Enterprises, Inc. Employee Stock Ownership Plan, **NACM TAMPA, INC.** and **WILLIAM D. MEEKER ENTERPRISES, INC.**,

 Defendants,

And

**WILLIAM D. MEEKER ENTERPRISES, INC.,**

 Derivative Defendant.

_____/

**JOINT MOTION FOR APPROVAL AND RATIFICATION OF STIPULATION AND SETTLEMENT AGREEMENT AND MOTION TO DISMISS THE CASE WITH PREJUDICE AND SUPPORTING MEMORANDUM OF LAW**

 The parties, ANGELA HARWOOD BRENT (hereinafter "Brent"), WILLIAM D. MEEKER (hereinafter "Meeker"), FRANCES RENEE HAND (hereinafter "Hand"), DUANE

TOLANDER (hereinafter "Tolander"), NACM TAMPA, INC. (hereinafter "NACM"), and WILLIAM D. MEEKER ENTERPRISES, INC. ("WDME"), (collectively the "Parties") by and through their undersigned counsel and pursuant to Fed. R. Civ.P. Rules 23.1(c) and 41(a) notify the Court that the above styled case has been settled contingent upon approval of said settlement by the Court. The parties request that the Court approve the Parties' proposed settlement of Plaintiff's derivative action claims and enter an Order approving said settlement and dismissing this case with prejudice. The parties premise this Motion on the following grounds:

## SUMMARY

1. Plaintiff, a former employee of Defendant WDME, filed the instant action on or about October 16, 2017 against Defendants for derivative claims and other causes of action.

2. The Parties had a bona fide dispute regarding the claims brought and defenses raised.

3. The Plaintiff's claim seeks a class action but no class has been certified.

4. On December 21, 2017 Meeker, Hand and Tolander filed a Motion to Dismiss the First Amended Complaint (D.E. 45) which remains pending.

5. On January 19, 2018 NACM filed an Answer to Amended Complaint (D.E. 58).

6. On January 19, 2018 WDME filed a Motion to Dismiss Counts V and VII of Plaintiff's First Amended Complaint (D.E.59).

7. The Parties engaged in good-faith negotiations, and came to an agreeable settlement of all the claims asserted.

8. Brent is willing to accept payment from WDME in the amount of One Hundred Seventy Thousand and No/100 ($170,000.00) (hereinafter "Settlement Payment") as full and final satisfaction of the claims brought in Counts VI and VII in this action. The Settlement Payment shall not result in any allocation to Participant's ESOP account.

9. Brent is foregoing any monetary payment from the Defendants for the full and final satisfaction of the claims sought in Counts I-V herein.

10. The Parties stipulate that they had bona fide disputes as set forth herein, and that they are resolving this matter in order to avoid the time and costs associated with protracted litigation and trial, as well as the risks associated with the unpredictable nature of litigation. All Parties have been represented by counsel throughout the litigation. The Parties agreed to the terms of the settlement of the claims after they were counseled by their respective attorneys.

11. The Parties attest to the fairness and reasonableness of their amicable settlement, confirm that the Settlement Agreement attached hereto as Exhibit A includes every term and condition of the Parties settlement of all claims and request that the Court approve and ratify the settlement and dismiss this action with prejudice.

## MEMORANDUM OF LAW

### I. Legal Principals

Public policy strongly favors compromises that resolve litigation. This is especially true regarding class actions and complex cases that consume substantial judicial resources. For derivative actions settlements are particularly favored. *See*

*generally*, *D.W. Hugo on behalf of BankAtlantic Bancorp, Inc. v. Levan*, (2011 WL 13173025 S.D. Fla 2011).

Nonetheless, the settlement of a derivative claim requires court approval pursuant to Fed.R.Civ.P. 23.1. The purpose is to allow the Court to determine whether a settlement is fair, reasonable and adequate. Id. Moreover, a proposed settlement enjoys a strong assumption that it is fair, reasonable and adequate if it is the product of negotiations conducted by counsel. *See generally*, *In re EVCI Career Colleges Holding Corp. Securities Litigation* (2007 WL 2230177 S.D. New York). Finally, the fairness of a settlement is left to the sound discretion of the Court and it will not be overturned absent a clear showing of abuse of that discretion. *Hugo on behalf of BankAtlantic Bancorp, Inc. v. Levan*, infra.

## II. Analysis

The instant case involves a situation in which the Court may allow Plaintiff to settle and release her derivative claims against Defendants. The proposed settlement arises out of an adversarial context, and all Parties have been represented by counsel throughout the litigation.

Plaintiff's claims involve disputed issues as reflected by the First Amended Complaint, Defendant's Motions to Dismiss and Defendants' Answers and Affirmative Defenses to the Complaint. The Parties agreed to the terms of this settlement after they were counseled by their respective attorneys. The settlement entered into by the parties is fair and reasonable and the settlement avoids the continuing consumption of the Parties' monetary and time resources should litigation continue.

WHEREFORE, the parties respectfully request that this Court grant the Parties' Joint Motion for Approval and Ratification of the Stipulation and Settlement Agreement and Motion to Dismiss the Case With Prejudice and for such other and further relief as this Court deems just and proper.

Dated this 29th day of March, 2018.

*/s/ Andrew J. Mayts, Jr.*
ANDREW J. MAYTS, JR., ESQ.
Florida Bar No.: 174327
CHRISTIAN M. LEGER, ESQ.
Florida Bar No.: 100562
andy.mayts@gray-robinson.com
christian.leger@gray-robinson.com
eileen.hunt@gray-robinson.com
GRAY ROBINSON, P.A.
401 E. Jackson St. (33602)
Suite 2700
Post Office Box 3324
Tampa, Florida 33601-3324
813- 273-5000 (phone), 813-273-5145 (fax)
*Attorneys for Defendants William D. Meeker, Frances Renee Hand and Duane Tolander*

*/s/ David J. Linesch*
DAVID J. LINESCH, ESQ.
Florida Bar No.:
laborlaw@lineschfirm.com
LINESCH FIRM
700 Bee Pond Road
Palm Harbor, Florida 34683
727-786-0000 (phone), 727-786-0974 (fax)
*Attorney for Plaintiff*

*/s/ Mahlon Barlow*
Mahlon Barlow
Florida Bar No.: 0871117
marlow@sbwlegal.com
Edward Kuchinski
Florida Bar No.: 796964
ekuchinski@sbwlegal.com
Sivyer Barlow & Watson, P.A.
401 E. Jackson Street, Suite 2225
Tampa, Florida 33602
813-221-4242 (phone) 813-227-8598 (fax)
*Attorneys for William D. Meeker Enterprises, Inc. and NACM Tampa, Inc.*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of this Joint Motion for Approval and Ratification Stipulation and Settlement Agreement and Motion to Dismiss the Case With Prejudice has been served by electronic mail upon all parties and counsel identified on the CM/ECF service list created and maintained by the Court for this case, on March 29, 2018.

/s/ Andrew J. Mayts, Jr.

\495520\1 - # 10808979 v1